**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEAH Y. PATTON** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:15cv297-HSO-JCG** |
| | § | |
| **HUNTINGTON INGALLS** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [7]

BEFORE THE COURT is Defendant Huntington Ingalls, Inc.'s ("HII")

Motion [7] to Dismiss Plaintiff Leah Patton's Complaint [1] for failure to state a

claim upon which relief can be granted, filed pursuant to Federal Rule of Civil

Procedure 12(b)(6).  This Motion has been fully briefed.  Having reviewed the record

and relevant legal authorities, the Court finds that Defendant's Motion [7] should

be denied.

## I. BACKGROUND

Plaintiff was employed by HII from October 1998 until June 2015.  Compl.

[1], at 1–2.  Plaintiff was terminated on June 30, 2015, after she failed to return to

work following a hostile encounter with a fellow co-worker in the HII parking lot on

June 10, 2015.  *Id.*; Employee Separations [1-8]; Employment Verification [1-9].

Following the June 10, 2015, incident, Plaintiff's primary care physician, Dr. Dunk

Ellis, diagnosed her with anxiety.  Compl. [1], at 2; Doctor's Excuse [1-5].  Plaintiff

alleges that she informed her employer of the diagnosis and began a series of

discussions with the HII Human Resources Department and union representatives

over the terms of her medical leave and eventual return to work.  Compl. [1], at 2–5.

These discussions were apparently unsuccessful, because Plaintiff alleges that she was "discharged for reason still unknown" on June 30, 2015.  Compl. [1], at 2.

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she was "discriminated because of [her] disability in violation of the Americans with Disabilities Act of 1990."  EEOC Charge [1-2], at 3.  Plaintiff's EEOC Charge alleges that the doctor she saw on June 11, 2015, gave her 30 days off, but that Plaintiff was terminated while on medical leave.  *Id.*  On August 31, 2015, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes" and dismissed Plaintiff's Charge.  EEOC Dismissal [1-2], at 1.

After her EEOC Charge was dismissed, Plaintiff instituted this civil action by filing a pro se Complaint in this Court on September 11, 2015, naming HII as the lone defendant.  Compl. [1].  The Complaint [1] is divided into three parts.  The first section begins with the heading "Jurisdiction" and recites detailed allegations concerning the hostile encounter on the morning of Wednesday, June 10, 2015, Plaintiff's feelings of anxiety over the incident, and Plaintiff's discussions with HII Human Resources and union representatives concerning Plaintiff's ability to return to her job after being diagnosed with anxiety.  Compl. [1], 2–5.  Next, in a section labeled "Facts," Plaintiff describes in detail her feelings of distress over the June 10, 2015, incident and over being terminated thereafter.  *Id.* at 5.  In the final section, Plaintiff requests the following relief: court fees, vacation time, reinstatement of

health insurance for herself and her son, $64,164.39 for thirty-six years, and that

her "workers comp claims remain open or covered." *Id.* at 6. After her signature,

Plaintiff includes a list of phrases (presumably describing injuries she has suffered,

although the list has no heading) including depression/anxiety, invasion of privacy,

stomach problems, emotional distress, loss of enjoyment of life, humiliation, and

headaches. *Id.* at 7–8.

Included with Plaintiff's Complaint are attachments consisting of doctor's

excuses, employment documents, the EEOC Charge, witness letters from the June

10, 2015, parking lot incident, and a sketch of the parking lot. Also included is a

Letter asking that the case be expedited. Ltr. [1-11].

On November 24, 2015, Defendant filed a Motion [7] to Dismiss Plaintiff's

Complaint [1] pursuant to Rule 12(b)(6) on grounds that the Complaint [1] does not

state a legally cognizable claim. Mem. Supp. Mot. Dismiss [8]. According to

Defendant:

> The plaintiff's Complaint does not allege that the defendant violated any
> law. She describes her version of the events that led to the termination
> of her employment, but she does not allege that [HII] violated any law by
> ending her employment.

*Id.* at 2.

Plaintiff's Response [10] in Opposition to the Motion to Dismiss states "the

facts of the events stated to HII, EEOC and [this Court] by Plaintiff Leah Y. Patton

are truthful," but the Response offers no clarification on what specific employment

statute Plaintiff claims was violated. Instead, Plaintiff asserts that she was

wrongfully terminated by HII and refers the Court to her EEOC Charge attached to the Complaint.  Resp. [10].

## II. DISCUSSION

### A.   Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  F.R.C.P. 8(a)(2).  A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted when "a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

While "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers," even a pro se plaintiff must provide more than "threadbare recital[s] of the elements of a cause of action supported by mere conclusory statements."  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 664.

### B.   Discussion

Because Plaintiff is proceeding pro se, the Court liberally construes her pleadings.  *Taylor*, 296 F.3d at 378.  Although Defendant is correct in pointing out that Plaintiff did not allege that Defendant violated any law within the Complaint

itself, the Court is required to examine not only Plaintiff's Complaint, but its attachments in ruling on this Rule 12(b)(6) Motion [7]. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). In *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005), the Fifth Circuit held that it was error for a district court to dismiss a pro se plaintiff's complaint for failure to state a claim without first considering the facts and legal allegations contained in the plaintiff's attached EEOC Charge. *Id.*

In this case, Plaintiff has also attached an EEOC Charge to her Complaint, and the Charge does reference the legal basis for Plaintiff's claim to relief. The EEOC Charge clearly states that Plaintiff is attempting to assert a claim against Defendant under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* EEOC Charge [1-2], at 3. While Plaintiff's EEOC Charge alone would likely not be sufficient to support her claim, Plaintiff has also set forth certain factual allegations in the Complaint. *See Harney v. McCatur, Inc.*, No. CV-11-S-4103-NE, 2012 WL 2479630, at *2 (N.D. Ala. June 26, 2012) (remarking that "[a]n EEOC charge ordinarily is no substitute for a well-pleaded complaint," but finding that "given the leniency afforded to pro se litigants" the allegations in an EEOC charge can be used to supplement the complaint). Here, Plaintiff has provided more than "threadbare recitals of the elements of a cause of action," but supports the asserted claim with a lengthy recitation of her version of the events surrounding the termination of her employment. *Iqbal*, 556 U.S. at 678.

To state a claim for discrimination based on disability a plaintiff must demonstrate: "(1) that he has a disability; (2) that he was qualified for the job; [and]

5

(3) that he was subject to an adverse employment decision on account of his disability." *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999); *see also E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 695–97 (5th Cir. 2014) (approving of and applying the *Zenor* formulation of the elements of an ADA claim for discriminatory termination based on disability). Plaintiff has provided documentation of a medical diagnosis (anxiety) that could potentially qualify as a disability under the ADA, alleged that she informed her employer of her condition, and alleged that she was terminated from a position she had held for many years shortly after developing the condition "for reason still unknown." Compl. [1], at 2. The Court finds that these factual allegations construed together with the legal claim contained in Plaintiff's EEOC Charge, that she believes she was discriminated against in violation of the ADA, are minimally sufficient to state a plausible claim for relief under the ADA.

Defendant has argued that if Plaintiff is attempting to assert an ADA claim, the Complaint should be dismissed because Plaintiff's allegations demonstrate that Defendant would have a legitimate non-discriminatory reason for termination when Plaintiff failed to seek appropriate treatment for her anxiety as directed by company representatives. Reply [15], at 2–3. The Court finds that Defendant's argument is premature at this stage of the litigation. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a

motion to dismiss.").  While Plaintiff does allege that she met with company representatives on several occasions, the facts concerning the discussions over the terms for Plaintiff's return to work are not so well-developed as to impact the plausibility of Plaintiff's claim at the pleading stage.

Liberally construing Plaintiff's Complaint [1] and its attachments, the Court finds that Plaintiff has asserted a minimally plausible claim for relief against Defendant under the ADA.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Huntington Ingalls, Inc.'s  Motion [7] to Dismiss Plaintiff Leah Patton's Complaint [1] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE