IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEAH Y. PATTON | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv297-HSO-JCG |
| | § | |
| HUNTINGTON INGALLS | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HUNTINGTON INGALLS' MOTION [40] FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [40] for Summary Judgment filed on June 10, 2016, by Defendant Huntington Ingalls, otherwise known as Huntington Ingalls Incorporated ("HII"). Pro se Plaintiff Leah Patton has not filed a response. On July 1, 2016, the Court notified Plaintiff that if a response was not filed by July 11, 2016, the Court would proceed to consider and rule upon Defendant's Motion [40] without the benefit of a response. Plaintiff still has not filed a response. Having reviewed the record and relevant legal authority the Court finds that Defendant's Motion [40] should be granted.

I. BACKGROUND

Plaintiff was employed by HII from October 1998 until June 2015. Compl. [1], at 1–2. Plaintiff was terminated on June 30, 2015, after she failed to return to work following a hostile encounter with a fellow co-worker in the HII parking lot on June 10, 2015. *Id.*; Employee Separations [1-8]; Employment Verification [1-9]. Following the June 10, 2015, incident, Plaintiff's primary care physician, Dr. Dunk Ellis, diagnosed her with anxiety. Compl. [1], at 3; Doctor's Excuse [1-5]. Plaintiff

then began a series of discussions with HII over the terms of her medical leave and eventual return to work. Compl. [1], at 2–5.

On June 23, 2015, two weeks after the incident in the parking lot, Plaintiff arrived at HII and announced that she was ready, willing, and able to return to work. Pl. Dep. [40-1], at 24–25, 31–32. However, Plaintiff did not provide a note from her doctor permitting her to return to work. Dec. Elizabeth Carter [40-11], at ¶12; Pl. Dep. [40-1], 16–18; Work Release Form [40-17]. HII notified Plaintiff that she had been issued a mandatory referral to the Employee Assistance Program ("EAP") for anger management counseling, and that she must complete the EAP before she could return to work.[1] Dec. Elizabeth Carter [40-11], at ¶12. The EAP consists of training designed to help employees overcome personal problems and improve job performance. *Id.* at ¶3. A referral acknowledgment form had been prepared, but Plaintiff refused to sign it.[2] *Id.* at ¶12; EAP Referral [40-18].

---

[1] This was not Plaintiff's first time to be referred to the EAP during her employment at HII. Plaintiff completed an Anger Management Program through the EAP on June 24, 2014. *See* EAP Participant Statement of Understanding, Referal and Certificate of Completion [40-12]. HII has submitted evidence of Plaintiff's prior disciplinary history and details from a May 2014 incident involving a hearing test that led to the earlier referral to the EAP. Disciplinary Action History [40-2]; Dec. Tara Allen [40-7]; Dec. Dr. Charles McRaney [40-9]. HII's onsite physician determined that another referral to the EAP was necessary after learning that Plaintiff had again exhibited "impulse control and anger management issues" when speaking with company representatives concerning her return to work following the parking lot incident in June 2015. Dec. Dr. Charles McRaney [40-9], at ¶8.

[2] At her deposition, Plaintiff initially refused to answer whether on June 23, 2015, she had refused to sign the EAP form. Pl. Dep. [40-1], at 35–36. Then, Plaintiff testified that she did not recall whether or not she refused. *Id.*

After Plaintiff did not sign the EAP referral, she was asked to leave and was escorted off the premises. Dec. Elizabeth Carter [40-11], at ¶12. On June 24, 2015, a Labor Relations Representative notified Plaintiff by telephone that compliance with the mandatory referral to the EAP was a condition of her employment and that she must comply by June 26, 2015, or she would be terminated. Pl. Dep. [40-1], at 34–35, 49–50, 117; Dec. Lance Eubanks [40-19], at ¶¶4–5. It is undisputed that Plaintiff let the June 26 deadline pass without taking any action. Pl. Dep. [40-1], at 117; Dec. Lance Eubanks [40-19], at ¶5. Four days after the deadline, when Plaintiff still had not contacted the EAP, HII terminated her for insubordination based on her failure to comply with the mandatory EAP referral. Dec. Lance Eubanks [40-19], at ¶5; Discharge Memo [40-20]; Memo re EAP Referral [40-22].

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she was "discriminated because of [her] disability in violation of the Americans with Disabilities Act of 1990." EEOC Charge [1-2], at 3. Plaintiff's EEOC Charge alleges that the doctor she saw on June 11, 2015, gave her 30 days off, but that she was terminated while on medical leave. *Id.* On August 31, 2015, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes" and dismissed Plaintiff's Charge. EEOC Dismissal [1-2], at 1.

After her EEOC Charge was dismissed, Plaintiff instituted this civil action by filing a pro se Complaint [1] in this Court on September 11, 2015, naming HII as the lone Defendant and attaching a copy of her EEOC Charge to the Complaint.

3

Thereafter, HII filed a Motion [7] to Dismiss Plaintiff's Complaint. On January 15, 2016, this Court denied the Motion to Dismiss and found that Plaintiff had stated a minimally sufficient claim for relief under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112(a). Order [21]. Following a period of discovery, Defendant filed the instant Motion [40] for Summary Judgment.

## II. DISCUSSION

A.   Legal Standard

    1.   Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets this burden and demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party opposing summary judgment must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). "An issue is 'genuine' if the evidence is

sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citing *Hamilton*, 232 F.3d at 477). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

    2.    Elements of a Prima Facie ADA claim

Rule 56 mandates that the Court enter summary judgment against a party "'who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322). At trial, to prevail on a claim of disability discrimination under the ADA, a plaintiff bears the burden of proving that (1) she has a disability; (2) she is qualified for the job; and (3) the employer made its adverse employment decision because of her disability.[3] *Neely v. PSEG Texas, Ltd. Partnership*, 735 F.3d 242, 245 (5th Cir. 2013).

B.    Discussion

Defendant agues that it is entitled to summary judgment because Plaintiff cannot establish a prima facie case of disability discrimination under the ADA.

---

[3] The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Defendant maintains that, based on the summary judgment record, Plaintiff cannot demonstrate that: (1) she was disabled when she was terminated; (2) she was a qualified individual with a disability; or (3) she was terminated because of any alleged disability. Mem. Supp. Mot. [41], at 11–17. Assuming that Plaintiff could establish the first two elements of her prima facie case,[4] the Court finds that there is no competent summary judgment evidence to indicate that Plaintiff was terminated because of a disability or because she was regarded as disabled.

The summary judgment record reflects that Plaintiff was terminated for insubordination based upon her failure to comply with a mandatory referral to the Employee Assistance Program ("EAP"). Discharge Memo [40-20]. An EAP referral form was prepared on June 23, 2015, the day Plaintiff arrived seeking to return to work, but Plaintiff would not sign the referral form or otherwise agree to participate in the EAP. Dec. Elizabeth Carter [40-11], at ¶12. It is undisputed that Plaintiff was notified by telephone on June 24, 2015, that compliance with the mandatory referral to the EAP was a condition of her continued employment and that she must comply by June 26, 2015, or she would be terminated. Pl. Dep. [40-1], at 34–35, 49–50, 117; Dec. Lance Eubanks [40-19], at ¶¶4–5. It is further undisputed that

---

[4] Defendant argues that Plaintiff's one-time diagnosis of anxiety is not enough to render her disabled within the meaning of the ADA, or alternatively, if this condition is sufficient to render her disabled, that Plaintiff is not a qualified individual because she testified that she has been completely unable to work since her diagnosis on June 11, 2015. See Mem. Supp. Mot. [41], at 14 (citing Pl. Dep. [40-1], at 9, 38). Rather than base its analysis on one of these alternative theories, the Court finds that in any event Plaintiff cannot establish that she was terminated based on a disability in light of the record before it.

Plaintiff let the June 26, 2015, deadline pass without taking any action. Pl. Dep. [40-1], at 117; Dec. Lance Eubanks [40-19], at ¶5.  HII terminated Plaintiff four days after this deadline, when Plaintiff still had not contacted HII or the EAP. Dec. Lance Eubanks [40-19], at ¶5; Discharge Memo [40-20].

Based on the summary judgment record, Plaintiff was given multiple opportunities to return to work and participate in the EAP, but she voluntarily chose not to comply.  Because the competent summary judgment evidence demonstrates that Plaintiff was terminated for failure to participate in the EAP, a reasonable jury could not conclude that Plaintiff was terminated because of a disability.

Defendant has also argued that, even if Plaintiff could establish a prima facie case of discrimination, Plaintiff cannot show that HII's reason for terminating her was pretextual, because HII terminated Plaintiff for a legitimate nondiscriminatory reason, failure to participate in the EAP. Mem. Supp. Mot. [41], at 17–18 (citing *Walton v. City of Manassas*, 162 F.3d 1158, 1998 WL 545895, at *2 (4th Cir. July 28, 1998) (finding that the plaintiff's failure to comply with an EAP was a legitimate nondiscriminatory reason for termination); *Jenkins v. Medical Laboratories of Eastern Iowa, Inc.*, 880 F. Supp. 2d 946, 961 (N.D. Iowa 2012) (same); *Hogan v. Cox Communications, L.L.C.*, No. 8:04cv368, 2005 WL 3358922, at *5 (D. Neb. Dec. 9, 2005) (same)).  Plaintiff has offered no competent summary judgment evidence that HII's reason for terminating her was pretextual.  The summary judgment record in this case supports the conclusion that Defendant had a legitimate

7

nondiscriminatory reason for terminating Plaintiff when she failed to participate in the EAP, after being notified that her participation in the program was a mandatory condition of continued employment.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Huntington Ingalls' Motion [40] for Summary Judgment is **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE